J.K.M. Medical Care, P.C., as Assignee of James Stokes, Respondent, 
against
Interboro Insurance Company, Appellant.



Appeal from an order of the Civil Court of the City of New York, Kings County (Robin Kelly Sheares, J.), entered April 23, 2015. The order denied defendant's motion seeking summary judgment dismissing the complaint on the ground that the amount due and owing had been satisfied or, in the alternative, for the entry of a satisfaction of judgment.




ORDERED that the order is modified by vacating so much thereof as denied the branch of defendant's motion seeking the entry of a satisfaction of judgment; as so modified, the order is affirmed, without costs, and the matter is remitted to the Civil Court for a new determination of that branch of defendant's motion in accordance with the decision herein.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground that the action was barred by virtue of a November 21, 2011 judgment which had been entered against plaintiff in a declaratory judgment action in the Supreme Court, Nassau County. Plaintiff cross-moved for summary judgment. By order dated April 23, 2014, the Civil Court (Robin S. Garson, J.) denied defendant's motion and granted plaintiff's cross motion, directing plaintiff to enter judgment in the principal sum of $556.78, plus statutory interest and attorney's fees. In July 2014, plaintiff submitted a proposed judgment in the total sum of $988.34. A judgment was ultimately entered on September 19, 2014 in the sum of $993.34.
In August 2014, prior to the entry of judgment in this action, defendant moved for summary judgment dismissing the complaint, as the amount which was due and owing had been satisfied, or, in the alternative, in the event that a judgment had been entered while defendant's motion was pending, for an order granting it a satisfaction of such entered judgment, pursuant to CPLR "5020 (c),"[FN1]
 and plaintiff opposed the motion. By order entered April 23, 2015, the Civil Court (Robin Kelly Sheares, J.) denied defendant's motion in its entirety on the ground that it was an improper successive motion for summary judgment.

Although defendant's second motion sought summary judgment dismissing the complaint, [*2]defendant sought such relief only in the event that no judgment had been entered while its motion was pending. Since a judgment had been entered on September 19, 2014, defendant's request for primary relief in the form of summary judgment became academic, and, thus, the branch of defendant's motion seeking the alternative relief requested, i.e., for an order, pursuant to CPLR 5021 (a) (2), directing the entry of a satisfaction of judgment, became operative. However, in denying defendant's motion in its entirety, the Civil Court did not consider the merits of the branch of defendant's motion seeking the alternative relief of the entry of a satisfaction of judgment. Consequently, the matter is remitted to the Civil Court for a determination thereof.

Accordingly, the order is modified by vacating so much thereof as denied the branch of defendant's motion seeking the entry of a satisfaction of judgment, and the matter is remitted to the Civil Court for a new determination of that branch of defendant's motion.

Weston, J.P., Aliotta and Elliot, JJ., concur.

Decision Date: October 21, 2016



Footnotes

Footnote 1:In the appellate brief, defendant states that it had made a "scrivener's error" in mis-citing the applicable CPLR provision, and had actually sought relief under CPLR 5021 (a) (2).